# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK ALLEN MITCHELL, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 16-cv-2145-CM-TJJ |
| KANSAS CITY KANSAS | ) |
| SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's second Motion for Appointment of Counsel (ECF No. 42). For the reasons set out below, the Court denies the motion.

Plaintiff filed his first Motion for Appointment of Counsel after filing his pro se complaint and Motion to Proceed In Forma Pauperis.[1] In a Memorandum and Opinion, the undersigned Magistrate Judge declined to appoint counsel and denied the motion without prejudice.[2] The Court examined a number of factors including Plaintiff's financial ability and his efforts to secure counsel, the merits of his allegations, his capacity to present his case without counsel, and other considerations. Ultimately, the Court concluded that although Plaintiff was financially unable to secure counsel and had made sufficient efforts to do so, at the time he filed his complaint his claims had no more than colorable or potential merit which did not warrant appointing counsel. The Court further noted the limited number of attorneys who are able and willing to volunteer their

---

[1] *See* ECF No. 4 (Motion for Appointment of Counsel).

[2] ECF No. 6.

1

time to represent civil plaintiffs. Nevertheless, because the validity of Plaintiff's claims had yet to be tested, the Court denied his motion without prejudice to him filing a similar motion if he survived summary dismissal.

Since that time, the undersigned Magistrate Judge has conducted a settlement conference in this case.[3] Given the confidential nature of the communications during the conference, it would be inappropriate for the Court to comment on the merits of Plaintiff's claims or Defendant's defenses. The Court is capable of ruling on the instant motion without violating either party's confidentiality.

Plaintiff's second motion is identical to his first, except he now asks the Court to consider additional information as follows: "When the case first came along I was working hard trying to do case alone. I have all my documents I need help putting it together in the proper format. I have contacted or 20 (sic) lawyers and most are wanting a down payment that I can't afford."[4] Plaintiff filed this motion after Defendant has moved for summary judgment and Plaintiff's response is due.

Plaintiff has not provided a compelling reason for the Court to change its earlier ruling. The Court left open the possibility that it would reconsider appointing counsel if Plaintiff showed his claims are of such merit as to necessarily warrant appointment. Until Defendant's summary judgment motion is ripe, the presiding District Judge will not rule on whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[3] *See* ECF No. 22 (minute entry noting court conducted settlement conference on September 28, 2016, and that case did not settle).

[4] ECF No. 42 at 3-4.

show that there is no genuine issue as to any material fact and that [Defendant] is entitled to a judgment as a matter of law."[5]   Plaintiff will need to prevail in the summary judgment ruling to show his claims have merit.   Until then, Plaintiff has provided no compelling reason to appoint counsel, and the Court declines to do so.

**IT IS THEREFORE ORDERED** that Plaintiff's second Motion for Appointment of Counsel (ECF No. 42) is denied without prejudice to Plaintiff filing a similar motion, if the presiding District Judge denies Defendant's Motion for Summary Judgment (ECF No. 38).   If the case proceeds to trial, furthermore, the Court may on its own motion reconsider whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated this 10th day of February, 2017 in Kansas City, Kansas.

*s/   Teresa J. James*
Teresa J. James
United States Magistrate Judge

---

[5] Fed. R. Civ. P. 56(c).